

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable M. C. Ledbetter
County Attorney
Cochran County
Morton, Texas

Dear Sir:

Opinion No. O-6915

Re: Authority of the Commis-
sioners' Court of Cochran
County to lease a county
hospital.

We have received your letter of recent date request-
ing an opinion from this department on the above subject
matter. Your request is as follows:

"By virtue of the authority granted under
Article 4478 of the Revised Civil Statutes of
Texas, the Commissioners' Court of Cochran
County, Texas, is erecting a County Hospital.

"The Court has had several opportunities to
lease said hospital upon its completion. Now,
the question is, 'Does the Commissioners' Court
of Cochran County, Texas, have the authority to
lease the County Hospital to any one', under the
law.

"It is my opinion that under the law, as set
out in the aforementioned statute, 4478, the Com-
missioners' Court does not have the authority to
lease said County Hospital. And in my opinion
the court does not have the authority to lease
said hospital under Articles 4494a, 4494b, 4494c,
4494d, 4494e, 4494f, 4494g, 4494h and 4494i, in
view of the fact that the population of Cochran
County, Texas, according to the 1940 census was
3,735.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. M. C. Ledbetter,    page 2

"There has been some controversy in Cochran
County over the leasing of the County Hospital,
and the Commissioners' Court has asked me to get
an opinion from your office on the matter; there-
fore, I would appreciate it if you would send us
your opinion as soon as possible."

Cochran County has a population of 3,735 inhabitants ac-
cording to the 1940 Federal Census.

This department has repeatedly held that the Commissioner's
Court is a court of limited jurisdiction and has only such powers
as are conferred upon it by the Constitution and statutes of this
State either by express terms or by necessary implication.  Sec-
tion 18 of Article V of the Texas Constitution; Article 2351,
V. A. C. S.; Von Rosenberg v. Lovett, 173 S. W. 508, Miller v.
Brown, 216 S. W. (2d) 479; Galveston H. & S. A. Ry. Co. v.
Uvalde County, 167 S. W. (2d) 1084; 11 Texas Jurisprudence 564.

The Legislature has attempted to give certain counties
the power to lease county hospitals.  See Articles 4494a, 4494b,
4494c, 4494d, 4494e, 4494f, 4494g, and 4494h, Vernon's Anno-
tated Civil Statutes.  We do not pass upon the validity of
these statutes, for that question is not before us.  Even if
said statutes are valid, Cochran County will not fall in any
of the categories set by the foregoing articles, since it has
a population of 3,735.  In the absence of such constitutional
or statutory authority, Cochran County has no authority to
lease the county hospital.  Your question is therefore answered
in the negative.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By        *J. C. Davis, Jr.*

J. C. Davis, Jr.
Assistant

By        *John Reeves*

John Reeves

JR:LJ

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN